# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────────

No. 16-50107
Summary Calendar

────────────

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER RODRIGUEZ-LOPEZ, also known as Juan Chairez-Lopez,

Defendant-Appellant

_____

Cons. w/No. 16-50259

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER RODRIGUEZ-LOPEZ, also known as Juan Charez-Gonzalez, also known as Juan Charez Gonzalez, also known as Javier Rodriguez Lopez,

Defendant-Appellant

────────────────────

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1635-1
USDC No. 3:10-CR-1980-1

────────────────────

No. 16-50107
Cons. w/No. 16-50259

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Javier Rodriguez-Lopez appeals the 24-month sentence he received following his guilty plea conviction for illegal reentry, as well as the consecutive 21-month sentence he received following the revocation of his supervised release. He asserts that his combined sentence of 45 months is substantively unreasonable, as it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). Rodriguez-Lopez argues that this is so because the illegal-reentry Guideline—U.S.S.G. § 2L1.2—lacks an empirical basis, because it effectively double counts his criminal history, because illegal reentry is a nonviolent offense, and because the district court failed to adequately consider his personal history and characteristics, including his benign reasons for reentry.

When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To rebut this presumption, Rodriguez-Lopez must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

As he acknowledges, Rodriguez-Lopez's argument that the presumption of reasonableness should not apply to his illegal-reentry sentence because U.S.S.G. § 2L1.2 lacks an empirical basis is foreclosed, and he raises it only to preserve it for further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We likewise have previously rejected the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contention that a within-guidelines sentence is unreasonable because § 2L1.2 lacks an empirical basis and effectively double counts prior convictions. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67 & n.7. Also, we have not been persuaded by the claim that the Sentencing Guidelines do not take into account the nonviolent nature of an illegal-reentry offense. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Rodriguez-Lopez's alleged benign motive for returning to this country is insufficient to rebut the presumption of reasonableness attached to his within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Insofar as Rodriguez-Lopez challenges the fact that his revocation sentence was ordered to be served consecutively to his non-revocation sentence, his challenge is unavailing. Because his 21-month revocation sentence falls within the applicable advisory policy range and is consistent with the mandate of U.S.S.G § 7B1.3(f), p.s., it is entitled to a presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). Rodriguez-Lopez has made no effort to rebut the presumption of reasonableness afforded his revocation sentence. *See Cooks*, 589 F.3d at 186.

The judgment of the district court is AFFIRMED.